UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AYESHIA MCNEIL,<br><br>      Plaintiff,<br><br>      vs.<br><br>ONLINE INFORMATION SERVICES, INC.<br><br>      Defendants. | Case No.:<br><br>CIVIL COMPLAINT<br><br>AND<br><br>JURY TRIAL DEMAND |

Plaintiff, Ayeshia McNeil, on behalf of herself ("Plaintiff"), by and through her undersigned attorney, alleges against the Defendant, Online Information Services ("Online") as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA"), which prohibits unfair and inaccurate credit reporting.

### JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4.     Plaintiff, Ayeshia McNeil, is a natural person, who at all relevant times has resided in the city of Atlanta, Fulton County, State of Georgia, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5.     Defendant Online Information Services is incorporated under the laws of North Carolina with a principal place of business at 685 W Fire Tower Rd., Winterville, NC 28590, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

6.     At all times relevant to this litigation, Online has engaged in a course of collection attempts aimed at collection of a debt stemming from utility services ("Subject Debt").  The utility services were utilized by Plaintiff at her former residence, and as such the debt incurred was for her personal, household use, and a "debt" as that term is defined by 15 U.S.C § 1692a(5).

7.     The Subject Debt accrued in or around February of 2004.   In August of 2010, Plaintiff filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia.

8.     Plaintiff's bankruptcy petition included the Subject Debt as one in which she sought relief.   Plaintiff's relief was ultimately granted in late 2010, and the Subject Debt was extinguished via the Court's discharge order.

9. In or around September of 2016, Plaintiff ran and reviewed a copy of her credit report. Upon review, Plaintiff discovered a trade line populated by Online. The trade line listed the Subject Debt as the debt underlying the trade line.

10. Shortly after Plaintiff's review of her credit report, she caused a written dispute to be sent to Equifax advising that the debt underlying the Online trade line had been discharged via her 2010 bankruptcy filing.

11. Equifax responded to the written dispute via letter dated October 7, 2016, wherein they informed Plaintiff that the trade line had been verified by Online as accurate and belonging to Plaintiff. No change to the trade line was made.

12. Plaintiff then contacted Online to inquire as to why they verified the information on the credit report. A representative for Online recognized the error and advised that they requested deletion of the trade line on the 10th, presumably October 10th, which was three (3) days after the date of Equifax's written response to Plaintiff's dispute.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. §1692 *et seq*.

13. Plaintiff repeats and realleges the allegations in paragraphs (1) through (12) above with the same force and effect as if set forth fully herein.

14. The Subject Debt accrued in or around February of 2004. In August of 2010, Plaintiff filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia.

15. Plaintiff's bankruptcy petition included the Subject Debt as one in which she sought relief. Plaintiff's relief was ultimately granted in late 2010, and the Subject Debt was extinguished via the Court's discharge order.

16. In or around September of 2016, Plaintiff ran and reviewed a copy of her credit report. Upon review, Plaintiff discovered a trade line populated by Online. The trade line listed the Subject Debt as the underlying obligation.

17. Shortly after Plaintiff's review of her credit report, she caused a written dispute to be sent to Equifax advising that the debt underlying the Online trade line had been discharged via her 2010 bankruptcy filing.

18. Equifax responded to the written dispute via letter documentation dated October 7, 2016, wherein they informed Plaintiff that the trade line had been verified as belonging to Plaintiff. No change to the trade line was made.

19. Plaintiff then contacted Online on October 13, 2017 to inquire as to why they verified the information on the credit report. A representative for Online recognized the error and advised that they requested deletion of the trade line on the 10th, presumably October 10th, which was three (3) days after the date of Equifax's written response to Plaintiff's dispute.

20. By virtue of Online's confirmation of the veracity of the information contained in the trade line, they have violated 15 U.S.C. § 1692e(2)(A), wherein it is a violation for a debt collector to mischaracterize the legal nature, status or amount of a debt.

21. Plaintiff has been damaged and is entitled to relief.

### COUNT II
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681, *et seq*.

22. Plaintiff repeats and realleges the allegations in paragraphs (1) through (12) above with the same force and effect as if set forth fully herein.

23. In or around September of 2016, Plaintiff ran and reviewed a copy of her credit report. Upon review, Plaintiff discovered a trade line populated by Online. The trade line listed the Subject Debt as the original creditor.

24. Shortly after Plaintiff's review of her credit report, she caused a written dispute to be sent to Equifax advising that the debt underlying the Online trade line had been discharged via her 2010 bankruptcy filing.

25. Equifax responded to the written dispute via letter dated October 7, 2016, wherein they informed Plaintiff that the trade line had been verified by Online as accurate and belonging to Plaintiff. No change to the trade line was made.

26. The Subject Debt was discharged via Court order in Plaintiff's bankruptcy filing in 2010.

27. Upon information and belief, Equifax contacted Defendant Online as part of the dispute reinvestigation process some time thereafter, to which Defendant Online may or may not have responded with additional information and/or documentation.

28. Upon information and belief, and Defendant Online failed to conduct an investigation, or conducted a poor investigation, failed to review all the relevant documentation provided and/or failed to review the documentation already in their possession thoroughly enough thus violating their duty under 15 U.S.C. § 1681s-2(b)(1)(A) through 15 U.S.C. § 1681s-2(b)(1)(E).

29. With the failure to request removal of the Online trade line or the failure to request same be marked disputed, Plaintiff's credit score, a benchmark for near all facets of life in today's society, is artificially deflated.

30. Defendant Online's actions were negligent and/or willful and wonton; Plaintiff has been damaged and is entitled to relief.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff, Ayeshia McNeil, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff for the following:

A. Enter an Order declaring Online's actions and inactions, as described above, in violation of the FDCPA;

B. Enter a judgment against Online for actual damages, pursuant to 15 U.S.C. §1692k(a)(1) of the FDCPA;

C. Enter judgment against Online for statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B) of the FDCPA, in the amount of $1,000.00;

D. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k(a)(3) of the FDCPA to be paid by Online to Plaintiff; and

E. Grant such other and further relief as may be just and proper.

F. That an order be entered declaring Online's actions, as described above, in violation of the FCRA;

G. That Defendant be compelled to provide all details surrounding the alleged "reinvestigation."

H. That Defendant update the Plaintiff's credit report with a deletion of the Online trade line.

I. That judgment be entered against Online for actual, statutory and punitive damages and attorney's fees for the violations of 15 U.S.C. §§ 1681n and 1681o in an amount to be determined at trial.

J. That the Court grant such other and further relief as may be just and proper.

Dated this 24th Day of August, 2017

Respectfully Submitted,

s/ Jonathan B. Mason                /
Jonathan B. Mason, Esq.

GA Bar ID #475659
Mason Law Group, P.C.
1100 Peachtree Street, NE, Suite 200
Atlanta, GA 30309
Tel: 404-920-8040
Email: jmason@atlshowbizlaw.com

*Attorney for Plaintiff Ayeshia McNeil*

Of Counsel to The Firm:
Law Offices of Michael Lupolover, P.C.
120 Sylvan Ave., Suite 303
Englewood Cliffs, NJ 07632
Tel: 201-461-0059
Fax: 201-608-7116
Email: dpf@lupoverlaw.com